

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. 0-5362
Re: May a county judge, deputy
county clerk, deputy dis-
trict clerk and deputy as-
sessor-collector of taxes
qualify as notaries public
within their county and hold
both offices at the same
time?

We have your letter of June 1, 1943, requesting the opinion of this department on the following questions:

"(a) May a duly elected County Judge qualify as Notary Public without vacating his office as County Judge?

"(b) May a duly qualified Deputy County Clerk qualify as Notary Public without vacating his office as Deputy County Clerk?

"(c) May a duly qualified Deputy District Clerk qualify as Notary Public without vacating his office as Deputy District Clerk?

"(d) May a duly qualified Deputy Tax Assessor-Collector qualify as Notary Public without vacating his office as Deputy Tax Assessor-Collector?"

We answer your first and fourth questions in the affirmative. Your second and third questions are answered in the negative.

On June 1, 1927, this department held, in an opinion written by Honorable H. Grady Chandler, Assistant Attorney

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. T. Graham, page 2

General, that a county judge is not disqualified from holding the offices of county judge and notary public at the same time. That opinion further states:

> "In opinion No. 178, rendered by this Department on January 10, 1913, it was held that the offices of district clerk and county clerk and notary public are incompatible; and, therefore, no one person could hold both at the same time. The opinion does not state any reason why these offices are incompatible. . . ."

> "It is stated in Texas Jurisprudence, Volume 31, page 345, 'under the constitutional inhibition against the holding of two incompatible offices by one person, a notary is disqualified upon accepting the office of a county clerk, although it has been held that a county attorney may be a notary also.'"

This department has repeatedly held that the offices of county clerk, deputy county clerk, district clerk and deputy district clerk are incompatible with the office of notary public and that a person holding one of said offices cannot at the same time hold the office of notary public.

In Opinion No. 0-33 this department held:

> ". . . you are respectfully advised that it is the opinion of this department that the Tax Assessor-Collector and his deputies are not prohibited by law from holding the office of Notary Public while holding their offices of Tax Assessor-Collector or as deputies of such office."

We enclose herewith copies of Opinion Nos. 0-33 and 0-4228.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:db

Enclosures

APPROVED JUN 11, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN